UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:11-CR-614 |
| | § | |
| PABLO DOMINGUEZ-ALVARADO | § | |

**ORDER DISMISSING CONSTRUED MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, DENYING A CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Pablo Dominguez-Alvarado's motion to reduce sentence. D.E. 61. After reviewing the motion and brief in support, the Court construes the motion to request relief that is only available pursuant to a motion to vacate, set aside or correct judgment pursuant to 28 U.S.C. § 2255. The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 RULES). For the reasons stated herein, the Court dismisses Dominguez-Alvarado's motion and denies him a certificate of appealability.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 7, 2011, Dominguez-Alvarado was a passenger in a vehicle that was stopped for a traffic violation near Three Rivers, Texas. Dominguez-Alvarado was determined to be a citizen of Mexico who had previously been deported from the United States in 1999. He was arrested for Illegal Reentry. D.E. 1.

Dominguez-Alvarado was appointed counsel. D.E. 4. He was indicted and charged with a single count of violation of 8 U.S.C. §§ 1326(a), 1326(b). He pled guilty pursuant to a plea

agreement with the government. D.E. 16. In exchange for his guilty plea, the government agreed to recommend that Dominguez-Alvarado receive maximum credit for acceptance of responsibility and to recommend a sentence within the guideline range. He consented to present his plea to a federal Magistrate Judge. D.E. 15. The Magistrate Judge filed his Findings and Recommendation on Plea of Guilty. D.E. 18.

The Probation Department was ordered to prepare a Presentence Investigation report (PSR). D.E. 17. The base level offense for Illegal Reentry is 8. U.S.S.G. § 2L1.2(a). Dominguez-Alvarado's offense level was increased by 16 levels based upon his 1994 drug trafficking conviction for Conspiracy to Possess Heroin with Intent to Distribute for which he was sentenced to 70 months imprisonment. See U.S.S.G. § 2L1.2(b)(1)(A). D.E. 17 at Id. at ¶¶ 12, 23. His total offense level after credit for acceptance of responsibility was 21. Id. at ¶¶ 16-20.

The Probation Department calculated Dominguez-Alvarado's criminal history to be 3 points resulting in application of criminal history category II. Id. at ¶¶ 23-24. His guideline sentencing range was calculated to be 41-51 months. Id. at ¶ 40. No objections were filed to the PSR.

At sentencing, the Court adopted the Findings and Recommendation of the Magistrate Judge. D.E. 29. The Court imposed a sentence of 46 months, with 3 years supervised release, no fine, and a special assessment of $100. Id. at 12. Dominguez-Alvarado was advised of his right to appeal. Id. at 13.

Dominguez-Alvarado timely appealed and the Fifth Circuit affirmed. D.E. 56. While his appeal was pending, Domingo-Alvarado filed a *pro se* motion to reduce his sentence claiming that his criminal history was wrongly scored. D.E. 47. This Court dismissed the motion for lack of jurisdiction. D.E. 48. Dominguez-Alvarado filed a timely § 2255 motion after the Fifth Circuit affirmed his conviction. D.E. 53. That motion was dismissed with prejudice by Order and final judgment dated November 14, 2012. D.E. 59, 60.

Dominguez-Alvarado filed his present motion seeking a sentence reduction pursuant to U.S.S.G. § 4A1.1(e)(2)(3) and Rule 35 of the Federal Rules of Criminal Procedure. D.E. 61.

### II. MOVANT'S CLAIMS

Dominguez-Alvarado claims that his criminal history was incorrectly calculated pursuant to § 4A1.1(e)(2)(3)[1] and had it been correctly calculated, his guideline range would have been lower.

### III. SECOND OR SUCCESSIVE § 2255 MOTION

Dominguez-Alvarado filed a previous motion to vacate, set aside or correct his sentence earlier this year in which he raised the same claim. D.E. 53. That motion was denied after this Court considered it on the merits. D.E. 59, 60. His current motion is a second or successive motion.

---

[1] Subsection 4A1.1(a) of the sentencing guidelines provides that a prior sentence of imprisonment that exceeds one year and one month is counted as 3 points. "A sentence imposed more than 15 years prior to the defendant's commencement of the instant offense is not counted *unless the defendant's incarceration extended into this fifteen-year period*. U.S.S.G. § 4A1.1, application notes 1 (emphasis added). Dominguez-Alvarado was incarcerated until April 1999. His present offense began in June 2011 when Dominguez-Alvarado crossed the Rio Grande River and entered the United States. His present arrest took place fewer than 15 years from his release from incarceration.

In pertinent part, 28 U.S.C. § 2255(h) provides:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Dominguez-Alvarado's motion does not indicate that he has sought or obtained such permission. Until he does so, this Court does not have jurisdiction over any claim that could have been brought in his first § 2255 motion. Accordingly, Dominguez-Alvarado's motion to vacate, set aside or correct sentence (D.E. 61) is DISMISSED as second or successive. United States v. Orozco-Ramirez, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Dominguez-Alvarado has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

The Court finds that Dominguez-Alvarado cannot establish at least one of the Slack criteria. Accordingly, he is not entitled to a COA as to his claims.

### V. CONCLUSION

For the foregoing reasons, Dominguez-Alvarado's motion (D.E. 61) is DENIED as second or successive, additionally, he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 12th day of December, 2012.

_____
Janis Graham Jack
Senior United States District Judge